# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 25-cv-11516 |
| | ) | |
| v. | ) | Judge Lindsay C. Jenkins |
| | ) | |
| BRIAN P. FORBERG, *et al.*, | ) | Magistrate Judge Jeffrey T. Gilbert |
| | ) | |
| Defendants. | ) | |

## KEVIN JACKSON'S MOTION TO STRIKE RULE 26(a)(1) DISCLOSURES OF DEFENDANT ASAs AND COUNTY OF COOK

Pursuant to Federal Rule of Civil Procedure 26, Plaintiff Kevin Jackson, by and through his attorneys, moves to strike the Rule 26(a)(1) disclosures of Defendants Jessica McGuire, Nancy Adduci, Colleen Daly, Lisa Hennelly, and the County of Cook, and in support thereof, Mr. Jackson states as follows:

## FACTUAL BACKGROUND

Plaintiff's First Amended Complaint (Dkt. 71) asserts various claims under 42 U.S.C. § 1983 stemming from his wrongful conviction, incarceration for more than twenty-three (23) years, and eventual exoneration. Mr. Jackson has asserted claims against, among others, two assistant state's attorneys for Cook County who were involved in the investigation that

57494922.2

preceded Mr. Jackson's arrest and trial ("FRU ASAs"),[1] two assistant state's attorneys for Cook County who were involved in a reinvestigation of his conviction many years later ("CIU ASAs"), and the County of Cook.

The FRU ASAs and CIU ASAs issued joint initial disclosures under Rule 26(a)(1). (Attached hereto as Exhibit 1.) The County later issued initial disclosures in which it partially adopted the disclosures of the defendant ASAs, including the portion of their disclosures at issue in this motion. (Attached hereto as Exhibit 2.)

In their disclosures, the ASAs and County named Plaintiff's lead attorneys, Elizabeth Bacon and Brandon Clark, as individuals "likely to have discoverable information … that [the ASAs and County] may use to support its claims or defenses." (Exhibit 1 at 5; Exhibit 2 at 5.) In describing the information Ms. Bacon and Mr. Clark may have, the ASAs and County state they may have discoverable information regarding:

> incident(s) alleged in Plaintiff's operative complaint, including (but not limited to) their observations and knowledge regarding the Jenkins Murder and CPD's Jenkins Murder Investigation; their interactions with (i) Plaintiff and his criminal co-defendant(s), (ii) Defendants named in Plaintiff's operative complaint, and (iii) other third-party witnesses; Plaintiff's proceedings following his conviction for the Jenkins Murder (including,

---

[1] Mr. Jackson referred to these defendants as Original ASAs in his First Amended Complaint ("FAC"). In their motion to dismiss (Dkt. 88), these individuals refer to themselves as FRU ASAs, which Mr. Jackson adopts herein.

> but not limited to, those for appeal, post-conviction relief, habeas relief, and/or certificate of innocence), as well as the resulting "Reinvestigations" identified in Plaintiff's operative complaint; and any documents they authored or assisted in authoring (if any) relating to the aforementioned.

(Exhibit 1 at 4-5; Exhibit 2 at 4-5.)

After reviewing these disclosures, Mr. Jackson asked the ASAs and County to voluntarily remove his counsel from the disclosures. The parties corresponded about the request and ultimately met and conferred on the subject on Friday, March 6, 2026, during which they fully discussed the issues. Counsel for the ASAs asserted that it is their typical practice to disclose post-conviction attorneys in this sort of dispute. Counsel for the ASAs further asserted that Ms. Bacon and Mr. Clark would have relevant information concerning, *inter alia*, conversations with former Cook County State's Attorney Kimberly Foxx (who was **_not_** named in the disclosures), assistant state's attorney Mark Rotert (who was named in the disclosures), and others. The meet and confer ended without resolution.

By email correspondence of Tuesday, March 10, 2026, counsel for the ASAs confirmed they are not willing to amend their disclosures. (Exhibit 3 at 1.) The ASAs stated that "while we have not made any decisions, it is possible we may request discovery from you, so we don't see a basis for removing you from our Rule 26 disclosures." (Exhibit 3 at 1.)

Prior to filing this motion, undersigned counsel provided a draft to the ASAs and County at which time the County confirmed it is taking the same position as the ASAs by email on March 23, 2026.

At that time, the parties agreed to the following briefing schedule for this motion: twenty-one (21) days for the ASAs and County to respond, and ten (10) days for Plaintiff to reply.

## STATEMENT OF LAW

District courts have "extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). "The Court has discretion under Federal Rule of Civil Procedure 26 to limit the scope of discovery or to order that discovery be conducted in a particular sequence." *Cloverleaf Golf Course, Inc. v. FMC Corp.*, No. 11-CV-190-DRH, 2011 WL 2838178, at *2 (S.D. Ill. July 15, 2011). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ...." Fed.R.Civ.P 26(c).

## ARGUMENT

Obtaining discovery from an adversary's attorney is generally disfavored. *See Hickman v. Taylor*, 329 U.S. 495, 512 (1947) (J. Jackson, concurring) (requiring counsel to respond to interrogatories would cause the "standards of the profession ... [to] suffer"); *Shelton v. American Motors*

*Corp.*, 805 F.2d 1323, 1330 (8th Cir. 1986) (characterizing depositions of opposing counsel as a "harassing practice"); *S.E.C. v. Buntrock*, 217 F.R.D. 441, 445 (N.D. Ill. 2003) ("Courts in this district have generally taken a critical view of" deposing an adverse party's attorney (collecting cases)).

In the context of attorney depositions, courts in this district have generally followed the three-part test credited to *Shelton*: (1) the party seeking discovery must show that no other means exist to obtain the information, (2) the information sought is relevant and non-privileged, and (3) the information sought is crucial. *Buntrock*, 217 F.R.D at 445; *see also M & R Amusements Corp. v. Blair*, 142 F.R.D. 304, 305-06 (N.D. Ill. 1992) (applying *Shelton*, in part, and citing cases).

Of course, at this stage, the ASAs and County have not sought discovery from Mr. Jackson's attorneys, but their disclosure raises that possibility, which they have acknowledged in the meet and confer process. Were they to seek such discovery, that could be a predecessor to seeking to disqualify Ms. Bacon and Mr. Clark. *See Mercury Vapor Processing Technologies, Inc. v. Village of Riverdale*, 545 F. Supp. 2d 783, 787-88 (N.D. Ill. 2008) (discussing the advocate-witness rule barring attorneys from acting as both in a single proceeding). As such, the appropriateness of the disclosure of Ms. Bacon and Mr. Clark and of seeking any discovery from them is of immediate and critical importance.

The *Shelton* factors provide a helpful basis for determining the appropriateness of the ASA's and County's disclosures. Taken at face-value, their disclosures provide ample reason to conclude that discovery should not be allowed to be sought from Ms. Bacon and Mr. Clark and, therefore, their names should be struck from the ASA's and County's disclosures.

### I. There are other means of obtaining the information sought.

Under the first *Shelton* factor, discovery from Mr. Jackson's attorneys should only be allowed if there is no other means to obtain the information. Based on their disclosures, the ASAs and County may seek to discover Ms. Bacon's and Mr. Clark's "observations and knowledge regarding the Jenkins Murder and CPD's Jenkins Murder Investigation." Neither attorney was present at the murder, nor was either attorney involved in CPD's subsequent investigation. So, even to the extent that they would have "observations and knowledge" of either, it would be second-hand—*i.e.*, there are other (and better) sources for this information.

The ASAs and County might also seek to discover Ms. Bacon's and Mr. Clark's interactions with Mr. Jackson, with his "co-defendant(s)," with Defendants to this action, and with third-party witnesses. As a threshold matter, there were no co-defendants in Mr. Jackson's case. The fact that the ASAs and County are apparently unaware of this fundamental fact (a

mistake repeated throughout their disclosures) calls into question whether they have satisfied their obligation, under Rule 26(a)(1)(E), to have "fully investigated the case" before issuing their disclosures. Setting that aside, in each of these instances there is another person involved in the interactions identified (*i.e.*, Mr. Jackson, Defendants, or third-parties), so in every instance, there will be one or more other parties from whom this information may be obtained.

The ASAs and County also suggest they may seek discovery into the proceedings following Mr. Jackson's conviction, including the direct appeal, post-conviction proceedings, habeas petition, and petition for a certificate of innocence. They also disclose an interest in the Reinvestigation performed by the Cook County State's Attorney's Office. The ASAs and County also specifically identify "documents [Mr. Jackson's attorneys] authored or assisted in authoring" as of interest. Again, there is an obvious alternative means of obtaining this discovery—these are mostly judicial proceedings and records of the proceedings will be available from the clerks' offices (both state and federal). And as for the Reinvestigation, it was performed by the State's Attorney's Office—not by Mr. Jackson's counsel—and the ASAs and County may seek what they wish from the State's Attorney's Office.

## II.     The information sought is privileged.

More troubling than the fact that the information the ASAs and County may seek is available through other means, is the fact that so much of the information is clearly privileged or otherwise protected.  It is inconceivable that Ms. Bacon or Mr. Clark could disclose their "observations and knowledge regarding the Jenkins Murder and CPD's Jenkins Murder Investigation" without also disclosing their "mental impressions, conclusions, opinions, or legal theories … concerning the litigation."  Fed. R. Civ. P. 26(b)(3)(B).

Just as certainly, Mr. Jackson's interactions with his counsel are subject to attorney-client privilege.  And allowing discovery into Ms. Bacon's and Mr. Clark's interactions with anyone else (Defendants or third-parties) would run a high risk of disclosing their "mental impressions, conclusions, opinions, or legal theories … concerning the litigation."  Fed. R. Civ. P. 26(b)(3)(B).

As for the proceedings following Mr. Jackson's conviction, Ms. Bacon and Mr. Clark were not involved in the earlier such proceedings—the direct appeal, initial post-conviction petition, or habeas petition—but since approximately 2015 (Mr. Clark) and 2016 (Ms. Bacon) have been Mr. Jackson's counsel.  As such, they unquestionably have substantial information on proceedings since that time, but all of that was gained through their roles as Mr. Jackson's attorneys.  Hence, a significant portion

57494922.2                                           8

of the information they could otherwise provide is protected by attorney-client privilege or work-product protection, or will be so intertwined with such information as to make it functionally impossible for them to comply with any discovery requests without necessarily violating their ethical duties to Mr. Jackson.

### III. The information sought is not critical to any issue in dispute.

No aspect of the ordeal that Mr. Jackson has been through is unimportant. But there are phases of his travails that are of greater immediate importance to these proceedings than others. One such period of importance covers the events immediately following the murder of Mr. Jenkins until shortly after Mr. Jackson's arrest. This is the period of time during which the Defendant Detectives and FRU ASAs are alleged to have violated Mr. Jackson's rights. Ms. Bacon and Mr. Clark did not come to represent Mr. Jackson until fourteen or more years after this occurred, and so, will have no first-hand information from this time period.

The other phase of most significance to these proceedings is the time when Mr. Jackson's case was under review by the Conviction Integrity Unit circa 2018-19. It was at this time that the CIU ASAs are alleged to have violated Mr. Jackson's rights. At that time, Ms. Bacon and Mr. Clark were indeed representing Mr. Jackson and were in contact with the CIU ASAs and

9

others within the State's Attorney's Office. But what is crucial about this period to these proceedings is what Ms. Bacon and Mr. Clark did ***not*** know. They did not know that the CIU ASAs apparently uncovered exculpatory evidence concerning Mr. Jackson. They did not know that the CIU ASAs withheld that exculpatory evidence. They did not know that a member of the CIU was married to one of the Defendant Detectives or that their marriage caused a significant conflict of interest in the CIU ASAs with respect to Mr. Jackson's case. In short, the knowledge they have about this time period is not crucial. Rather, the crucial information from this time period is with others, including the CIU ASAs themselves.

*　　　*　　　*

For all the foregoing reasons, the ASAs and County cannot carry their burden to obtain discovery from Mr. Jackson's counsel. As a result, Ms. Bacon's and Mr. Clark's names should be struck from their Rule 26(a)(1) disclosures.

WHEREFORE, for the foregoing reasons, Plaintiff Kevin Jackson, respectfully requests that this Court strike the Rule 26(a)(1) disclosures of the ASAs and County and set a date-certain by which to reissue them without the names of Ms. Bacon or Mr. Clark or any other present counsel for Mr. Jackson included, and for all other relief that this Court deems just and proper.

57494922.2

Respectfully submitted,

**SAUL EWING LLP**

By:     /s/ *Brandon R. Clark*

ELIZABETH R. BACON
BRANDON R. CLARK
SHIVANI GOVANI
Saul Ewing LLP
161 N Clark Street, Suite 4100
Chicago, IL 60601
312.876.7100
Elizabeth.Bacon@Saul.com
Brandon.Clark@Saul.com
Shivani.Govani@Saul.com

-and-

KRUTI B. PATEL, *admitted pro hac*
Saul Ewing LLP
1735 Market Street, Suite 3400
Philadelphia, PA 19103
215.972.7735
Kruti.Patel@Saul.com

*Attorneys for Plaintiff Kevin Jackson*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served the attached document by causing it to be delivered by electronic means to the parties of record through the ECF filing system on this 24th day of March 2026.


*/s/ Brandon R. Clark*

57494922.2