**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

KEVIN JACKSON,

                        Plaintiff,             |    No. 25-cv-11516

      v.                      |    Hon. Lindsay C. Jenkins

BRIAN P. FORBERG, et. al,

                        Defendants.

## THIRD PARTY RESPONDENT CCSAO'S *OPPOSED* MOTION TO RECONSIDER AND PARTIALLY VACATE ORDER ENTERED JUNE 16, 2026 *[DOCKET #140]*

Third-Party Respondent Cook County State's Attorney's Office ("CCSAO"), by its attorney, EILEEN O'NEILL BURKE, through her Assistant State's Attorney, David A. Adelman, pursuant to Fed.R.Civ.Pr. 60(b)(1)&(6), requests that the Court to reconsider and partially vacate the order entered June 16, 2026 *[Docket #140]* and states as follows in support:

### INTRODUCTION

The Court's Order entered June 16, 2026 *[Docket #140]* should be *partially* vacated to the extent it orders Cook County, a party to this action, to pay the costs of production of third-party CCSAO incurred by its vendor when responding to subpoenas directed to the CCSAO and its former employees. The order should be partially vacated because the parties did not argue and the court did not perform a cost-shifting legal analysis under Fed. R. Civ. P. 45(d)(1) and existing case law. Moreover, the issue of who pays is moot and forcing either the County (which is not the custodian of records) or the CCSAO (which is not a party) to pay the costs of production sets a bad precedent. There was no counsel representing the CCSAO present in Court on June 16 to

1

present these arguments to the Court.[1]  For the above reasons the June 16, 2026 *[Docket #140]* ("Order") should be partially vacated to the extent the County is ordered to pay costs of production of CCSAO's response to the parties' subpoenas.

## BACKGROUND

1.  Individual Defendant Officers served a subpoena to produce documents on CCSAO dated February 26, 2026.  *Exhibit A*.

2.  Starting April 14, 2026, through May 20, 2026, CCSAO received 10 subpoenas from Plaintiff directed to CCSAO-CIU and to various former Assistant State's Attorneys, former Special Assistant State's Attorneys, and former State's Attorney Kimberly M. Fox. *Group Exhibit B*.

3.  All of the subpoenas in *Exhibit A* and *Group Exhibit B* asked for records concerning *People v. Kevin Jackson*, No. 01-CR-17492.  *Id.*

4.  Pursuant to its policies, CCSAO ordered the criminal file requested in the subpoena. The bulk of the documents are already in electronic format, however, there was one paper file that was sent to CCSAO's vendor Array to be converted into a digital format. The file must be produced in a digital format so as to maintain the integrity of the original paper file and to produce the file to a requesting attorney.

5.  In order for CCSAO to respond to the subpoena and produce the digital format of the requested file, the law permits and Array requires requesting parties to pay the cost of reproduction. *Exhibit C*.

---

[1] Assistant State's Attorney Joseph Hodal appeared solely for Defendant County of Cook, and not the CCSAO itself.  *Exhibit D*.  Undersigned counsel or any other ASA from the Civil Subpoena Response Section represents the CCSAO with respect to subpoenas and is responsible for making arguments on the CCSAO's behalf.

6. On May 6, 2026, Array sent a quote for the cost of reproduction to counsel for individual counsel and requested payment to receive the file. *Id.* The quoted price for the total cost of reproduction is $1,210. An itemization of the quote was provided to Individual Officers' counsel. *Exhibit C.*

7. On June 8, 2026, Individual Officers' counsel acknowledged receipt of the quote and stated it was sent for payment. *Exhibit C.; See Transcript of June 16, 2026 Hearing attached hereto as Exhibit D, Page 9, Lines 16-17.*

8. Additionally, the quote was shared with Plaintiff's counsel who refused to pay for scanning. Plaintiff's refusal was included in its Motion to Compel *[Docket #132]* which conflated the County of Cook with the Cook County State's Attorney's Office ("CCSAO"). Assistant State's Attorneys representing Defendant Cook County responded to the Motion to Compel and are separate from undersigned counsel who represents the CCSAO itself and coordinating the responses to the Rule 45 subpoenas. *Ingemunson v. Hedges*, 133 Ill. 2d 364, 369-70 (1990); *See Powers and Duties of the State's Attorney* 55 ILCS 5/3-9005.

9. On June 16, 2026, after hearing on Plaintiff's Motion to Compel against Defendant Cook County, this Honorable Court entered an order that stated in part "Cook County shall pay the expenses associated with the document production at issue." *[Docket #140]*. The CCSAO understands this to mean that the Court is ordering the CCSAO to pay production costs of the Rule 45 subpoenas, effectively shifting fees to a third-party respondent.

10. The CCSAO was not given an opportunity to address this matter with the Court, as the primary focus of the underlying motion to compel was on whether the County should be excused from discovery. *Exhibit D.*

**ARGUMENT**

I.     **THE JUNE 16, 2026, ORDER SHOULD BE PARTIALLY VACATED BECAUSE THERE WAS NO COST-SHIFTING LEGAL ANALYSIS**

11.  The issue of payment of production costs is moot since counsel for Defendant Individual Officers authorized payment, moreover, neither the 6/16/2026 Order nor the preceding oral argument contained any analysis regarding the burden subpoena processing costs places upon the CCSAO.

12. Under Rule 45(d)(1) of the Federal Rules of Civil Procedure, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1); *DeLeon-Reyes v. Guevara*, No. 18 C 1028, 2021 U.S. Dist. LEXIS 146893, at *16-17 (N.D. Ill. Aug. 5, 2021). Moreover, cost shifting in the context of a Rule 45 subpoena may be appropriate because courts are directed by Rule 45 to minimize the burden on non-parties. *Velez v. City of Chicago*, No. 18 C 8144, 2021 U.S. Dist. LEXIS 166381, at *7 (N.D. Ill. September 2, 2021) (internal citations omitted).

13. Pursuant to Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: … specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery." Fed. R. Civ. P. 26(c)(B).

14. CCSAO requires all requesting parties to pay the cost of reproduction of the files, not the cost of review, prior to producing any files.

15. Normally, CCSAO will not receive the digital files for review and necessary redaction from Array until the requesting party agrees to pay Array the quoted cost of

4

reproduction. After receipt, the digital files must then be processed and properly redacted before they are produced to the requesting party.

16. In the present case, the bulk of files CCSAO is reviewing is already in digital format at no cost to the parties. The Array quote is for the physical file that constitutes approximately 7,910 of 86,146 pages, a minor portion of the total. No party is being charged for production of the files already digitized (nearly 80,000 pages).

17. To require CCSAO to pay the cost of reproduction of the requested files in this subpoena would create an undue burden and expense on the State's Attorney's Office. Furthermore, it would create an unfair precedent for future subpoenas which range between 400-500+ annually.

18. Plaintiff must take reasonable steps to avoid imposing such a burden on the CCSAO. *DeLeon-Reyes v. Guevara*, No. 18 C 1028, 2021 U.S. Dist. LEXIS 146893, at *16-17 (N.D. Ill. Aug. 5, 2021). Issuing parties of a subpoena to CCSAO have been ordered to pay the copying costs to CCSAO's vendor before. *See Gerardo Alonzo v. Village of Oak Lawn, et al. 25-cv-00963 [Docket #74], Judge Sara L. Ellis.* Here, Defendants' counsel already agreed to pay the costs, which moots the issue. The Court can also take a reasonable step to require the Plaintiff and Defendants to split the cost of reproduction of CCSAO records in the amount of $1,210 which would result in a cost of $605 each.

19. This motion is made in good faith. Third-Party Respondent CCSAO conferred with Plaintiff and counsels for Individual Officers and the City before filing this motion. Plaintiff opposes this motion. Counsels for Individual Officers and the City have no position on this motion.

WHEREFORE, Third-Party Respondent Cook County State's Attorney's Office requests this Honorable Court reconsider its June 16, 2026, Order *[Docket #140]* and partially vacate the same insofar as it refers to Cook County paying costs of CCSAO producing its records in response to the Rule 45 subpoenas it received from Plaintiff and Individual Officer Defendants.

Respectfully submitted,

EILEEN O'NEILL BURKE
State's Attorney of Cook County

By:  */s/ David A. Adelman*
David A. Adelman
Assistant State's Attorney
Supervisor – Civil Subpoena Response
Civil Actions Bureau
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-3151
David.adelman@cookcountysao.org

## CERTIFICATE OF SERVICE

I, David A. Adelman , hereby certify that I served the attached **Third-Party Respondent CCSAO's Opposed Motion to Reconsider and Partially Vacate the June 16, 2026 Order** on all parties of record through the Court's CM/ECF filing system on July 14, 2026.

*/s/ David A. Adelman*
David A. Adelman